## UNCAPHER v. BALTIMORE & O. R. CO.

(Circuit Court, E. D. Pennsylvania. January 27, 1902.)

### No. 46.

**1. REPLEVIN—AFFIDAVIT OF DEFENSE—PROOF OF TITLE.**

In an action of replevin defendant filed an affidavit of defense stating that it has no knowledge as to who is the owner of the goods, and that it is in actual possession as a carrier for hire, and received such possession not from plaintiff, but from another. *Held,* that such affidavit is sufficient to put plaintiff to proof of his title.

**2. SAME—LAWS OF PENNSYLVANIA.**

Where, in an action of replevin, the affidavit of defense states that defendant is in actual possession, derived from one not the plaintiff, as a carrier for hire, and does not know who is the owner, there is nothing in Laws Pa. 1901, p. 88, entitling plaintiff to judgment without proof of ownership.

Greenwald & Mayer, for plaintiff.
Wm. B. Linn, for defendant.

DALLAS, Circuit Judge. This is an action of replevin, in which the plaintiff has taken a rule for judgment for want of a sufficient affidavit of defense, and his learned counsel has based his argument in support of that rule upon certain provisions of the Pennsylvania statute entitled "An act relating to replevin, and regulating the practice in cases where the writ of replevin is issued" (Laws Pa. 1901, p. 88). In my opinion, nothing in this act entitles the plaintiff to the judgment he invokes. He has filed a "statement of his demand, setting forth the facts upon which his title to the goods and chattels is based;" but the only defendant named in the writ—and there is no intervener—has filed an affidavit of defense, which distinctly states that the "defendant has no knowledge as to who is the owner of said goods." It, however, does allege that the defendant was in actual possession as a carrier for hire, and that its possession or qualified title as such was not derived from the plaintiff, but from another, whose prima facie ownership this court would not be warranted in devesting upon the mere disavowal by the bailee for carriage of any knowledge upon the subject. I am therefore of opinion that the affidavit which has been interposed is sufficient to put the plaintiff upon proof that the goods which he claims are his property, and, accordingly, his rule for judgment is discharged.